UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:21-cr-371-RC |
| JONAH WESTBURY | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:21-cr-605-RC |
| | : | |
| ISAAC WESTBURY, | : | |
| AARON JAMES, and | : | |
| ROBERT WESTBURY, | : | |
| | : | |
| Defendants. | : | |

## MOTION FOR RULE 44 INQUIRY

The United States of America, by its attorney, Matthew M. Graves, United States Attorney for the District of Columbia, and Jordan A. Konig, Trial Attorney, U.S. Department of Justice, hereby moves the Court to conduct a Rule 44 hearing to determine whether there is good cause to believe that no conflict of interest is likely to arise as a result of the joint representation of Jonah Westbury, Isaac Westbury, Aaron James, and Robert Westbury by defense counsel John Pierce.

Under Federal Rule of Criminal Procedure 44, when two or more defendants are "represented by the same counsel" while "charged jointly under Rule 8(b),"[1] the Court must

---

[1] Jonah Westbury is currently named in a separate charging instrument from the indictment returned against his father and brothers. However, should Jonah Westbury reject the United States' plea offer, the Government likely will move to consolidate these cases due to the nearly identical facts and legal issues in the cases and in the interest of judicial economy.

1

"promptly inquire about the propriety of joint representations and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(1)-(2).  The Court "must" then "take appropriate measures to protect each defendant's right to counsel," unless the Court finds there "is good cause to believe that no conflict of interest is likely to arise." Fed. R. Crim. P. 44(c)(2).  The government believes a Rule 44 hearing is necessary to ensure the record is clear on this potential conflict, and seeks such a hearing now, well in advance of any potential trial date in this case.

Judge Emmet G. Sullivan recently was faced with a nearly identical situation in *United States v. Lesperance et al.*, No. 21-cr-575 EGS, in which Mr. Pierce jointly represents all three co-defendants.  Judge Sullivan appointed separate conflict counsel, Santha Sonenberg, who is currently undertaking a process of interviewing the three co-defendants and Mr. Pierce to ensure that a conflict is not likely to arise.  *See Status Report*, Dkt. 8, No. 21-cr-575-EGS (filed Dec. 10, 2021).  Ms. Sonenberg anticipates that that process will conclude by February 1, 2022.

The Government recently filed a Rule 44 motion in another case in which Mr. Pierce represents co-defendants within the case proceeding, *United States v. Rae, et al.,* No. 21-CR-378-TJK.  *See* Dkt. No. 80. The Government there sought the appointment of conflict counsel as well.

The Government would be amenable to a similar process in this case, in which the Court could first appoint conflict counsel; conflict counsel would interview the three co-defendants in this case and Mr. Pierce; and conflict counsel would then inform the Court regarding any issues (or the absence of any issues) prior to or during the Rule 44 hearing.

Mr. Pierce does not oppose a Rule 44 inquiry by this Court, but believes a Rule 44 hearing may be a more efficient way to address these issues than appointing conflict counsel.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Trial Attorney, U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55
Washington, D.C.  20044
202-305-7917 (v)
202-514-5238 (f)
Jordan.A.Konig@usdoj.gov
