UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> JONAH WESTBURY, : <br> : <br> Defendant. : | Case No. 1:21-cr-371 (RC) |
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> ISAAC WESTBURY, : <br> AARON JAMES, and : <br> ROBERT WESTBURY, : <br> : <br> Defendants. : | Case No. 1:21-cr-605 (RC) |

## AMENDED[1] UNOPPOSED MOTION TO JOIN

The United States of America, by its attorney, Matthew M. Graves, United States Attorney for the District of Columbia, and Jordan A. Konig, Trial Attorney, U.S. Department of Justice, hereby moves the Court to join these two related criminal actions[2] pursuant to Federal Rule of Criminal Procedure 13. Defense counsel John Pierce, who represents all defendants named in these separate actions, states that the defendants do not oppose the relief sought herein.

Federal Rule of Criminal Procedure 13 provides that, "[t]he court may order that separate cases can be tried together as though brought in a single indictment or information if all offenses

---

[1] The government amends its Unopposed Motion to Join in order to correct an editing mistake.

[2] The government submits that these cases are related pursuant to Local Criminal Rule 57.12(a)(1), because the prosecution of different defendants arises from activities which are part of the same alleged criminal event or transaction.

1

and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13.  Joinder of offenses in a single indictment is governed by Rule 8(a), which states that joinder is permissible if the offenses (1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are based on two or more acts or transactions constituting parts of a common scheme or plan.  *United States v. Burkley*, 591 F.2d 903, 918 (D.C. Cir. 1978) (citing Fed. R. Crim. P. 8(a)) (considering prior version of Fed. R. Crim. P. 13).  Put another way, "[t]he test for proper joinder is a common thread to each of the defendants."  *United States v. Rogers*, 921 F.2d 975, 984 (10th Cir. 1990); *see also United States v. Cervone*, 907 F.2d 332, 341 (2nd Cir. 1990).  In determining whether joinder of multiple defendants in a single prosecution is proper, the trial court may consult the indictment as well as any other pretrial evidence offered by the government.  *United States v. Wilson*, 26 F.3d 142, 153 (D.C. Cir. 1994).

The Court has recognized the "'unnecessary waste of judicial, prosecutorial and civic effort, resources, and time'" that occurs where separate juries would be presented with the same evidence in separate trials.  *United States v. Wilkins*, 538 F. Supp. 3d 49, 88 (D.D.C. 2021) (Contreras, J.) (quoting *United States v. Treadwell*, 566 F. Supp. 80, 86-87 (D.D.C. 1983)) (considering motion for severance of offenses joined under Rule 8(b)).

Here, Jonah Westbury, his father, Robert Westbury, and his brothers, Isaac Westbury and Aaron James, are alleged to have unlawfully entered the U.S. Capitol Building together through the Rotunda Door at or about 2:40 p.m. on January 6, 2021.  That conduct resulted in the four-count information returned against Jonah Westbury, *see United States v. Westbury,* No. 1:21-cr-371-RC, ECF 13, and Counts Four, Six, Eight, and Ten of the Superseding Indictment returned against Isaac Westbury, Aaron James, and Robert Westbury, *see United States v. Westbury*, No. 1:21-cr-605-RC, ECF 35.  The conduct alleged by the government, and the evidence of those

offenses, is essentially identical in both actions. Joining these cases for trial will conserve judicial resources, alleviate the burdens on citizens serving as jurors, and avoid the necessity of having witnesses reiterate testimony in a series of trials. *See Wilkins*, 538 F. Supp. 3d at 88 (quoting *Treadwell*, 566 F. Supp. at 86).

Rules 8(a) and 13 are rooted in considerations of judicial economy, but a court also must consider whether joinder or consolidation would result in prejudice to the government or a defendant. *Burkley,* 591 F.2d at 919. Here, as recognized by the defendants' consent to the relief sought in this motion, joinder would not prejudice defendants. There is no "serious risk" that a jury will be unable to make a reliable judgment about each defendant's guilt or innocence such that each defendant will be unable to have a fair trial unless the cases remain separate. *Wilkins*, 538 F. Supp. 3d at 87-88 (quoting *United States v. Gooch,* 665 F.3d 1318, 1336 (D.C. Cir. 2012)).

Accordingly, the government requests that the Court join these two criminal actions pursuant to Federal Rule of Criminal Procedure 13.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY

    */s/ Jordan A. Konig*
    JORDAN A. KONIG
    Trial Attorney, U.S. Department of Justice
    Detailed to the U.S. Attorney's Office
    For the District of Columbia
    P.O. Box 55
    Washington, D.C.  20044
    202-305-7917 (v)
    202-514-5238 (f)
    Jordan.A.Konig@usdoj.gov