UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONAH WESTBURY,<br><br>Defendant.<br><br>and<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>ISSAC WESTBURY, et al.,<br><br>Defendants | Case No. 1:21-cr-371<br><br><br><br><br><br>Case No. 1:21-cr-605 |

## CONFLICT COUNSEL REPORT AND RECOMMENDATION TO THE COURT

The Court appointed undersigned counsel to serve as conflict attorney for Defendants Jonah Westbury, Isaac Westbury, Robert Westbury, and Aaron James in the above-captioned cases. Pursuant to the Court's Minute Orders of February 24, 2022 in each of these cases, this is my report and recommendation to the Court concerning any actual or potential conflict of interest concerning the four defendants' joint representation by John Pierce, Esq.

For purposes of this submission, I adopt in its entirety the thoughtful and comprehensive analysis of the applicable law relating to conflicts of interest in this context prepared by Santha Sonenberg, Esq., in Case Number 21-CR-0575 (EGS). Ms. Sonenberg's report is filed in that case *ex parte* and under seal, and so I will not file it on the public record in this case. It does not appear that my appointment is under seal, or that I am tasked with reporting to the Court *ex parte,* but out of an abundance of caution I will transmit this report to Chambers initially via email,

pending consideration of whether it should be filed on the public record with a service copy to the government.

As is evident from Ms. Sonenberg's thoughtful analysis, joint representation of co-defendants in a criminal case creates at least a potential conflict of interest, principally because the joint representation may deter a defendant from careful and impartial consideration of the possibility of entering into a "cooperation agreement" with the government, or otherwise seeking to dispose of his case before trial in a manner that would entail cooperation against one or more co-defendants. My view is that there is no actual conflict of interest affecting Mr. Pierce's representation of these defendants. There is a potential conflict of interest, which could ripen into actuality were any of the defendants to consider cooperating against one or more of the others. As Ms. Sonenberg points out, other potential areas of conflict could arise concerning suppression of evidence, statements by one defendant that the government might seek to use against others, potential areas of conflict between the defendants in their trial testimony, possibly inconsistent defenses, and possibly inconsistent positions at sentencing, but these risks are more theoretical at this point than the risk that one defendant might not be fully informed of the risks and benefits of cooperating against one or more co-defendants, or might be actually deterred from doing so, because of the joint representation.

I have spoken with each of the four defendants at issue individually, outside the presence of Mr. Pierce. My view is that each seems intelligent and aware of the risks of joint representation. Each appears to be of the view that his defense in this case is consistent with that of each of his co-defendants, and none seems to have the slightest interest in cooperating against any co-defendant. Thus, so far as I have been able to determine to this point, each of these defendants is aware of the potential conflict and prepared to waive any such conflict in an

informed fashion.

Accordingly, my suggestion is that the Court convene a separate proceeding for each of these defendants in which the Court undertakes a searching inquiry on the record of each of them concerning these issues, and extracts a waiver of any potential conflict on the record, assuming each defendant remains prepared to provide such a waiver. If it would aid the Court, I could prepare a list of questions to be asked during such proceedings. At that point, I believe that the Court's duty of inquiry would be exhausted and that a basis would not exist to disturb each of these defendants' choice of counsel.

Finally, I hope the Court will pardon the brevity of this submission. I have been in a long series of depositions in a civil case virtually every weekday from March 1, 2022 to April 12, 2022. On April 13, 2022, I commenced a criminal jury trial in the United States District Court for the Eastern District of Pennsylvania, in which our jury concluded its deliberations late today. Regardless, however, I believe this document contains the salient points that I would like to communicate to the Court in this matter. If there is additional detail the Court requires, I of course would be pleased to provide it.

          Respectfully Submitted,

          /s/ Barry Coburn

          Barry Coburn
          Coburn & Greenbaum PLLC
          1710 Rhode Island Avenue, N.W.
          Second Floor
          Washington, DC 20036
          Phone: (202) 643-9472
          Fax: (866) 561-9712
          barry@coburngreenbaum.com