UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-605(2) (RC) |
| | : | |
| AARON JAMES, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION TO REVOKE RELEASE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court pursuant to 18 U.S.C. § 3148(b) to issue a warrant for the arrest of defendant Aaron James for multiple violations of the conditions of his pre-trial release, revoke his pre-trial release order, and detain him pending sentencing.

James stands charged with eight federal crimes in connection with his participation in the breach of the Capitol Building and violent assault on uniformed police officers on January 6, 2021. *See* ECF No. 6. In particular, James is accused of assisting a mob at a tunnel entrance to the Capitol Building by picking up a police shield and attacking uniformed officers as those officers were being pepper sprayed and subjected to violent physical assault with numerous makeshift weapons including crutches, chair legs, table tops, and a large metal ladder. James was released on conditions by an order dated October 12, 2021. *See* ECF No. 16.

Since that time, Pretrial Services has alerted the Court to James's violations on three separate occasions. *See* ECF Nos. 25, 44, 58. Most recently, on July 1, 2022, Pretrial Services informed the Court that James had flouted numerous conditions of his pre-trial release, including by: (1) his continued possession (since at least October 20, 2021) of three knives with blades of over six inches and a replica gun in his basement dwelling; (2) his refusal to comply with the Officer's instructions on October 20, 2021 and February 15, 2021 to get rid of his weapons within

1

24 hours; (3) his combative and threatening conduct toward Pretrial Services officers during an June 17, 2022 inspection of James's co-defendants' residence; and (4) his interference with the officers' supervision of co-defendants Isaac Westbury and Robert Westbury. *See* ECF No. 58.

James, who seems to want to dictate the terms of his own release, has shown contempt for this Court's directives, has made Pretrial Services understandably concerned for officer safety, and has made nearly impossible the continued supervision of his co-defendants (and their own compliance with the terms of their release). He remains in violation of his terms of release and presents a danger to the community that no conditions will adequately mitigate. Accordingly, the Court should issue a warrant for the defendant's arrest and detain him pending sentencing.

I.      **Defendant's Charges and Release Conditions**

Aaron James is one of four members of the Westbury family charged for crimes they committed during the breach of the U.S. Capitol Building on January 6, 2021. James, his stepfather, and his two half-brothers unlawfully entered the Capitol Building through the Rotunda Door almost immediately after it was violently breached at around 2:40 p.m.



2

After he left the Capitol Building, James and his half-brother, Isaac Westbury traveled to the Lower West Terrace of the Capitol grounds, which by then was the site of some of the most intense attacks against law enforcement officers. James and Westbury reached the front of the mob and stood by as other rioters viciously attacked officers with various makeshift weapons:



At around 4:28 p.m., James and Westbury went to the front of the crowd and led the attack on the officers in the tunnel. As other rioters sprayed chemicals at the officers, James and Westbury both grabbed police shields and charged toward the officers in the tunnel.







For this violent and aggressive conduct during the attack on the U.S. Capitol Building, James was charged with civil disorder, in violation of 18 U.S.C. § 231(a)(3); assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1754(a)(4) and (b)(1)(A); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); act of physical violence in the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(F); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

## II.     Evidence of Violation of the Defendant's Pre-trial Release Conditions

Although James was charged with crimes of violence, as defined in 18 U.S.C. § 3156(a)(4), including a violation of 18 U.S.C. § 111(a)(1) and (b), the Court determined that there was a combination of conditions that would reasonably assure the appearance of James as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(c)(1)(B) & (g). Accordingly, the Court on October 12, 2021 ordered, among other requirements, that James must not possess a firearm, destructive device, or other weapon, and receive and comply with courtesy supervision of the District of Minnesota (Minneapolis). *See* ECF No. 16, Conditions 7(k), (t).

Already on October 20, 2021, James was in possession of a number of items considered by his Pretrial Services Officer to be weapons. He possessed a pellet gun, an antique firearm, a compound bow and arrows, a shotgun shell, multiple bladed weapons, and several "buck knives." ECF No. 25 at 2. Because the Officer deemed those items to be weapons raising serious concerns about officer safety, he directed James to get rid of all weapons within 24 hours and to properly store all knives that serve a purpose other than as a weapon. *Id.* James indicated that he understood and intended to comply. *Id.* At a hearing before the Court on October 29, 2021, counsel for James confirmed that James would comply or had complied and there was no further dispute for the Court's consideration. *See generally* Minute Entry, 10/29/21.

However, James did not comply. On February 15, 2022, the Pretrial Services Officer observed some of the same knives on a shelf in James's bedroom area. *See* ECF No. 44 at 2.



When the Officer asked James why he had not removed the weapons, James responded, "if you want to call those weapons you can tell DC about it and see what they say." ECF No. 58-1 at 1. Due to his concerns for his own safety and in light of the continued possession of weapons by James, the Pretrial Services Officer returned supervision to the District of Columbia. *Id.*

James's non-compliance has continued, even though he is supervised remotely. Because his co-defendants, Robert Wesbury and Isaac Westbury, remain supervised by the District of Minnesota, James's basement dwelling is subject to home assessment. On June 17, 2022, Pretrial Services conducted a visit to the Westbury home. ECF No. 58-1 at 2. James delayed the officers' review of the basement for a significant amount of time. *Id.* The Pretrial Services Officer observed the same weapons. *Id.*



The officers could not determine whether James possessed additional weapons due to the condition of the room and because of their understandable concern for officer safety. *Id.*

James then became confrontational with the officers and acted in a threatening manner toward them. He stated something similar to, "are you going to yell at me for my cutlery again?" *Id.* James took a position on a flight of stairs that led to the exit. *Id.* His voice was raised and he made comments such as, "you tried to put me in jail over some knives," and "you are in my house." *Id.* The Officer concluded that James was agitated and taking an inappropriate and threatening tone and physical posture. *Id.* Both Pretrial Services Officers believed that their safety was being threatened and left without further assessing the residence of Isaac and Robert Westbury. *Id.* The District of Minnesota has stated that they will return supervision to the District of Columbia should James remain in the residence. They now have determined that Isaac and Robert Westbury are in violation of the terms of their own release since those defendants have permitted James to continue

to possess weapons and have failed to comply with the Officer's direction to instruct James to remove those knives. *See* ECF Nos. 59, 60.

### III. Argument in Support of Pre-trial Detention

#### A. Relevant Legal Standards

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Upon the government's motion to revoke a release order, such as the instant motion, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." 18 U.S.C. § 3148(b). Once before the Court,

> [t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that (A) based on the factors set forth in section 3142(g) . . . , there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." *Id*.

Accordingly, this Court, should consider the factors in 18 U.S.C. § 3142(g) when evaluating whether to detain the defendant.

#### B. Discussion

James has violated the conditions of his pretrial release. First, he has been in possession of weapons, including three knives with blades of over six inches and a replica gun, since at least October 20, 2021. Whether or not he believes the knives to be "cutlery," they are kept in his basement room next to his copy of "The Bourne Ultimatum" – not in the kitchen. Pretrial Services has good reason to be concerned about officer safety should James be permitted to continue to

keep weapons nearby, especially since James is charged a violent assault on law enforcement officers in this very case.

Moreover, whether or not he believes Pretrial Services to be justified in its demands, James was ordered by the Court to comply with the supervision of the District of Minnesota. Pretrial Services then told him, numerous times, to get rid of his knives or, if they really are cutlery, to store those knives in the kitchen. He refused, instead suggesting that the Court would support his defiance rather than its own Pretrial Services officers. To this day, nearly nine months after he was told to get rid of all weapons, he has not done so.

Even more concerning, James acted in a manner so threatening to the Pretrial Services officers that they could not complete supervision of his co-defendants, Robert and Isaac Westbury and will not be able to do so while James remains in the residence. Already having viciously assaulted law enforcement officers on January 6, 2021, James was so confrontational as to cause Pretrial Services to leave the Westbury home and propose returning supervision of those defendants to the District of Columbia, as well. In so doing, James has essentially written the terms of his own pretrial supervision and that of his co-defendants. None of them would be subject to the direct supervision that was imposed as a condition of their continued release and that was deemed necessary to reasonably assure the appearance of each and the safety of any other person and the community.

James's conduct, coupled with his prior violations of his conditions of release, shows that no condition or combination of conditions can adequately protect the public from the defendant, and warrants immediate action by the court through the issuance of an arrest warrant. Pretrial Services cannot safely supervise Aaron James, Robert Westbury, or Isaac Westbury while James remains in the Westbury home. Anything short of detention would endorse James's strategy of

blatantly violating the terms of his supervision in order to rid himself of such supervision. And this Court's dedicated Pretrial Services officers should not be required to risk harm so that James can remain in his parents' basement pending trial.

WHEREFORE, the government respectfully requests that this Court issue an arrest warrant for the defendant, pursuant to 18 U.S.C. 3148(b), for violating his pre-trial release, revoke his pre-trial release order, and detain him pending trial in this case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55
Washington, D.C.  20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov

# EXHIBIT A