UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-605 (RC) |
| : | |
| ISAAC WESTBURY, : | |
| AARON JAMES, : | |
| : | |
| : | |
| Defendants. : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION FOR BILL OF PARTICULARS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this response to Isaac Westbury's and Aaron James's (the "Defendants") motion for a bill of particulars, ECF Nos. 83 and 84 (hereinafter "Def. Mot."). The Defendants move under Federal Rule of Criminal Procedure 7(f) for a bill of particulars and essentially request the United States to detail the legal theory and factual basis upon which the prosecution will rely to establish that Aaron James and Isaac Westbury used a law enforcement shield as a deadly or dangerous weapon.

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). Exercising that discretion, this Court should deny the motion.

An indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but a court may, in its discretion, "direct the government to file a bill of particulars" clarifying the allegations in the indictment. Fed. R. Crim. P. 7(c)(1), (f). A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense,

and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same); *see also United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014) (bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial").

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the

defendant and the amount of taxes allegedly owed. The Court explained that the requested information already had been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

Finally, in *Sanford Limited*, the Court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant. 841 F. Supp. 2d at 315. The Court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id.* at 317 (internal quotation marks and citation omitted). Accordingly, the Court denied the defendant's request for information about the identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id.* at 317-18.

The same result is appropriate here for three reasons. First, the superseding indictment provides sufficient detail outlining the allegations against the Defendants. *See Mejia*, 448 F.3d at 445 (no bill of particulars required where the superseding indictment identified, among other things, the object of the charged conspiracy, the conspiracy's "time period," the applicable *mens rea*, and locations where conspirators acted). Along with providing a specific date for the alleged conduct, the superseding indictment language tracks closely that of the applicable statutes.

3

Nothing in the superseding indictment's language is vague, unclear, or lacking in specificity, especially in light of the Defendants' recorded conduct. If the Defendants believe the government's evidence is insufficient or that the statutes themselves are vague as applied to their conduct, then they should move for the appropriate relief.

Second, the full scope of the conduct giving rise to the allegations in this case is recorded and has been disclosed to defense. The Defendants have copies of videos showing their aggressive conduct and use of law enforcement shields while assisting a violent assault on uniformed police officers on January 6, 2021. The use of law enforcement shields during the assault can be seen clearly during the times the Defendants were in the lower west tunnel entrance to the Capitol Building, where many of the most violent assaults on law enforcement took place that day. While the Defendants used these shields, officers were being pepper sprayed and subjected to ferocious attacks including assaults with other makeshift weapons including crutches, chair legs, table tops, and a large metal ladder. The Defendants, by using the shields to facilitate and prolong the fight at the lower west tunnel, aided and abetted the violent mob. Additionally, the nature of all events, behavior, and actions upon which the prosecution will rely to prove that the Defendants' conduct violated all these statutes has already been disclosed. Through discovery, the United States has provided sufficient detail of what it will rely upon to establish guilt. The discovery includes videos and photos from the co-defendants' phones, as well as video that is publicly available on various websites that track the January 6, 2021 Capitol riot. The Defendants' conduct is clearly visible in the discovery that has already been produced, and it is unambiguous.

Furthermore, as to the larger Capitol breach investigation, the United States continues to produce global discovery productions. This process is ongoing and will include, among many other categories, surveillance and open-source videos that defense may deem useful to prepare the Defendants' case. Regardless, the Defendants have had more than adequate basis to understand

4

the charges against them with sufficient precision to prepare for trial. Indeed, the defense has previewed their argument in their motion – that is, that a law enforcement shield, and the way it was used during these offenses, does not constitute a deadly and dangerous weapon. In other words, the United States has already provided voluminous documentation of the Defendants' actions on January 6th that underlies the assault charge, and the Defendants have already used this information to formulate their defense.

The United States is plainly not required to provide the level of granularity the defendants request or to further specify "how" the Defendants "used" the "law enforcement shield" in question. *See United States v. Caldwell*, No. 1:21-cr-28-APM (D.D.C. Sept. 14, 2021) (denying motion for bill of particulars seeking specification of the date, case number, and named defendants of any indictment returned by the grand jury the defendant was charged with impeding, where the defendant was apprised of the month the grand jury was empaneled, the federal district in which it sat, and the general subject matter it was investigating). Moreover, if the defendants believe that a law enforcement shield is not a deadly and dangerous weapon, they have enough information to prepare a defense on that issue.

For these reasons, the Court should deny the Defendants' motion as an improper request to compel the government to provide a detailed exposition of its trial evidence and arguments, and because the information sought is available to the Defendants in the government's discovery and from other sources. A bill of particulars is not a sword that enables the Defendant to "force the government to reveal all its evidence before trial." *Taylor*, 17 F. Supp. 3d at 178.

## **CONCLUSION**

For all these reasons, the Defendant's motion for a bill of particulars should be denied.

                          Respectfully submitted,

                          MATTHEW M. GRAVES
                          UNITED STATES ATTORNEY
                          D.C. Bar No. 481052

By:
                          */s/ Jordan A. Konig*
                          JORDAN A. KONIG
                          Supervisory Trial Attorney,
                          U.S. Department of Justice
                          Detailed to the U.S. Attorney's Office
                          For the District of Columbia
                          P.O. Box 55
                          Washington, D.C.  20044
                          202-305-7917 (v) / 202-514-5238 (f)
                          Jordan.A.Konig@usdoj.gov

                          */s/ Christopher M. Cook*
                          Christopher M. Cook
                          KS Bar No. 23860
                          Assistant United States Attorney
                          Detailed to the District of Columbia
                          601 D Street N.W.
                          Washington, D.C. 20001
                          412-327-3487
                          Christopher.Cook5@usdoj.gov

                          */s/ Cytheria Jernigan*
                          Assistant U.S. Attorney
                          Detailed to the District of Columbia
                          300 Fannin Street Suite 3201
                          Shreveport, LA 71101
                          318-676-3611
                          cytheria.jernigan@usdoj.gov