UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-605 (RC) |
| : | |
| ISAAC WESTBURY, : | |
| AARON JAMES, and : | |
| ROBERT WESTBURY, : | |
| : | |
| Defendant. : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S "EMERGENCY NOTICE" TO THE COURT

On April 2, 2023, defendants Isaac Westbury, Aaron James, and Robert Westbury submitted an "emergency notice" to advise the Court that the United States was considering presenting to the grand jury additional criminal charges related to their conduct at the United States Capitol Building and its grounds on January 6, 2021. Counsel for the government had previously made similar representations to the Court on at least three occasions: (1) on July 26, 2022, *see* ECF No. 64 at n.1 ("The Government reserves the right to seek a superseding indictment to add additional violations of 18 U.S.C. §§ 231(a) and 111(a)(1) & (b)(1)(A) that have been discovered during its investigation"); (2) at a January 26, 2023 status conference, *see generally* ECF No. 85 at 2; and (3) at a March 24, 2023 status conference. Counsel for the government stated the same in conversations and correspondence with defense counsel, including through an email on March 20, 2023. *See id.* at 1.

It is well-settled that a prosecutorial decision to increase charges after a defendant has rejected a plea agreement does not violate the Due Process clause. *See United States v. Goodwin*, 457 U.S. 368, 382-83 (1982) ("the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified"); *Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978) (stating

1

that prosecutors enjoy wide discretion in bringing charges against a defendant, and that in the "give and take" of plea bargaining, there is no element of punishment or retaliation as long as the defendant is free to accept or reject the prosecutor's offer); *United States v. Meyer*, 810 F.2d 1242, 1246 (D.C. Cir. 1987) ("[P]roof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption [of prosecutorial vindictiveness] in the pretrial context.").

Indeed, other sessions of this Court recently have denied motions to dismiss based on nearly identical claims of wrongdoing related to superseding indictments issued by the Grand Jury after defendants rejected offers to plead guilty to crimes they allegedly committed at the Capitol on January 6, 2021. *See United States v. Alberts*, No. 1:21-cr-26 (CRC), ECF No. 77 at 14-15 (D.D.C. Nov. 23, 2022); *United States v. Thomas*, No. 1:21-cr-552 (DLF), ECF Entries 3/20/2023 and 3/21/2023 (D.D.C.). Both cases involve individuals represented by Defendants' counsel, John Pierce, Esq., who unsuccessfully sought dismissal of superseding indictments that included increased charges after those defendants rejected government plea offers.

Accordingly, the government has engaged in no "treachery, bad faith and perfidy"[1] requiring the Court's notice.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney,

---

[1] The D.C. Bar's Voluntary Standards for Civility in Professional Conduct, included within this Court's Local Rules, include as a general principle a prohibition on "making unfounded accusations of impropriety or making ad hominem attacks on counsel, and, absent good cause, … attribut[ing] bad motives or improper conduct to other counsel."

2

U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55
Washington, D.C.  20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov

*/s/ Christopher M. Cook*
Christopher M. Cook
KS Bar No. 23860
Assistant United States Attorney
Detailed to the District of Columbia
601 D Street N.W.
Washington, D.C. 20001
412-327-3487
Christopher.Cook5@usdoj.gov

*/s/ Cytheria Jernigan*
Assistant U.S. Attorney
Detailed to the District of Columbia
300 Fannin Street Suite 3201
Shreveport, LA 71101
318-676-3611
cytheria.jernigan@usdoj.gov

3