UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:21-cr-605 (RC) |
| | : |
| ISAAC WESTBURY, | : |
| AARON JAMES, | : |
| | : |
| | : |
| Defendants. | : |

### AARON JAMES AND ISAAC WESTBURY'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS

The federal "deadly and dangerous weapon" statutes (and accompanying case law) are clear. For objects other than obvious weapons—meaning guns, swords, or spears, bombs, etc.—the government must allege and show that the object was <u>used</u> as a weapon. If the government cannot make such a showing, the weapons counts herein must be dismissed.

In the government's response, the government doesn't even try to suggest otherwise. Rather, the government salts its response with misleading case law regarding the proper use and application of bills of particulars. The government does not appear to disagree with defendants that a plastic shield is not a "deadly or

dangerous weapon" if used as intended—held upright and defending its holder from injury by providing a rigid barrier between its user and strikes, blows, punches, kicks, or jabs.

A shield is defensive by its very definition. One supposes a shield might conceptually be used as a weapon if its user might strike an opponent with the sharp edge. So the obvious question—and one which Counts 2, 3, 5, and 7 turn on—is whether the government alleges such a use on Jan. 6 by defendants Aaron james or Isaac Westbury. If the government proffers no such "weaponlike" use of a shield, counts 2, 3, 5 and 7 must be dismissed.

And defendants are entitled to know when and where the government alleges defendants used a plastic shield in such a weaponlike manner.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "the court may direct the government to file a bill of particulars." Fed.R.Crim.P. 7(f). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C.Cir.1987); see also United States v. Mejia, 448 F.3d 436, 445–46 (D.C.Cir.2006). "Yet if the indictment is sufficiently specific, or if the requested information is available in

some other form, then a bill of particulars is not required." Butler, 822 F.2d at 1193.

**Defendants need to know, as they prepare for trial, if they are preparing for trial on a novel new theory of "weapon" use.**

Here, there are two possibilities: (1) the government is alleging that Isaac and Aaron in fact used a law enforcement shield on January 6 as a weapon by striking, jabbing, thrusting or jabbing victims with the sharp end of a shield, or (2) the government is bringing a <u>novel new theory</u> that mere holding or pressing of a shield in its intended, conventional manner constitutes felony "weapon use" exposing a user to years in federal prison.[1]  For obvious reasons, defendants are entitled to these particulars and cannot reasonably prepare for trial without these particulars.[2]

Without these particulars, defendants cannot adequately prepare their defense.  "[T]he allegations of a complaint might state a cause of action so as to be impervious to a motion to dismiss, and yet state the cause so generally as to make necessary a more definite statement to enable the defendant to know exactly what he is required to meet and to formulate a pleading in response." *Montgomery v.*

---

[1] Perhaps the prosecution has already telegraphed their intention to invent such a novel theory, in that the government's response states that "The Defendants, by using the shields to facilitate and prolong the fight at the lower west tunnel, aided and abetted the violent mob." Response at 4.  Defendants submit that under no known cases or established law have any courts ever recognized that  'assault with a deadly or dangerous weapon' can be shown merely by such facts.

[2] And, of course, if this novel new theory of prosecution is indeed the basis for the weapon counts, defendants will likely move to dismiss the counts.

*Kingsland*, 166 F.2d 953, 955 (D.C.Cir. 1948) (quoting *Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, Inc., et al.,* D.C., 31 F.Supp. 483, 493.

Dated: May 3, 2023

                                                    Respectfully Submitted,

/s/ *John M. Pierce*

John M. Pierce

John Pierce Law Firm

21550 Oxnard Street

3rd Floor, PMB #172

Woodland Hills, CA 91367

Tel: (213) 400-0725

Email: jpierce@johnpiercelaw.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, May 3, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ John M. Pierce*
John M. Pierce