UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-605 (RC) |
| | : | |
| ISAAC WESTBURY, | : | |
| AARON JAMES, | : | |
| | : | Re Document No.:   84 |
| | : | |
| Defendants. | : | |

## MEMORANDUM & ORDER

### DENYING DEFENDANTS' MOTION FOR BILL OF PARTICULARS

### I. INTRODUCTION

On January 6, 2021, a large and aggressive crowd stormed the United States Capitol in an attempt to stop the certification of the 2020 presidential election. The Government has charged Isaac Westbury and Aaron James ("Defendants") with several offenses related to their alleged conduct on that day. *See* Superseding Indictment, ECF No. 35. The Defendants now seek a bill of particulars clarifying the charges against them. *See* Defs.' Mot. for Bill of Particulars ("Mot. Bill of Particulars"), ECF No. 84. Because the indictment is sufficiently clear and substantial discovery has been provided, the Court denies the motion for a bill of particulars.

### II. FACTUAL BACKGROUND

The Superseding Indictment charges Defendants, who are brothers, with committing eight offenses based on their alleged activities on January 6, 2021.[1] *See* Superseding Indictment

---

[1] The Superseding Indictment also charges their father Robert Westbury in Counts 4, 6, 8 and 10, but none of those offenses are at issue in the present motion.

at 2–5.  The present motion does not concern Counts 1, 8, 9 and 10.  Instead, the Defendants request a bill of particulars to clarify Counts 2, 3, 5 and 7, which share a common charge that Defendants had a "deadly or dangerous weapon": assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b) (Count Two); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) (Count Three); disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) (Count Five); engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) (Count Seven).  *See* Superseding Indictment at 2–3.  According to the superseding indictment, the "deadly or dangerous weapon" that Defendants allegedly "did use and carry" was a "law enforcement shield."  *See id.*

### III.  LEGAL STANDARD

Under the Federal Rules of Criminal Procedure, an indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1), but upon request, a "court may direct the government to file a bill of particulars" clarifying the allegations in the indictment.  *United States v. Sutton*, No. 21-0598, 2022 WL 1183797, at *2 (D.D.C. Apr. 21, 2022) (quoting Fed. R. Crim. P. 7(f)).  A defendant may request a bill of particulars "to ensure that the charges brought against [him] are stated with enough precision to allow [him] to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  *United States v. Mostofsky*, No. 21-138, 2021 WL 3168501, at *1 (D.D.C. July 27, 2021) (alterations in original) (quoting *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)).  "[I]f the indictment is sufficiently specific,"

however, "or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193.

The role of a bill of particulars is limited, and "it is not a discovery tool or a device for allowing the defense to preview the government's evidence." *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004). Rather, it "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 174 (D.D.C. 2015) (internal quotation marks omitted). Consequently, in deciding whether to order a bill of particulars, courts consider "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information otherwise available to the defendants." *United States v. Brock*, 628 F. Supp. 3d 85, 93 (2022) (quoting *Sutton*, 2022 WL 1183797, at *2), *aff'd*, No. 23-3045, 2023 WL 3671002 (D.C. Cir. May 25, 2023). Courts must balance "the defendant's need to know evidentiary-type facts in order to adequately prepare a defense with the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial." *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 74 (D.D.C. 2019) (quoting *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012)).

Ultimately, "the determination of whether a bill of particulars is necessary rests within the sound discretion of the trial court." *Butler*, 822 F.2d at 1194. In practice, "[c]ourts rarely direct the government to file a bill of particulars, doing so only when 'necessary to allow the defendant[] to adequately prepare for and avoid surprise at trial." *Brock*, 628 F. Supp. 3d at 93 (quoting *Sutton*, 2022 WL 1183797, at *2).

## IV.  ANALYSIS

Defendants seek a bill of particulars that describes in detail their alleged "use" of a law enforcement shield.  See Mot. Bill of Particulars at 1–2.  Specifically, they argue that a law enforcement shield "used as intended by its manufacturer" cannot be a "deadly or dangerous weapon" unless it was used in a "weaponlike manner of some kind by striking or bludgeoning someone with it."  Id. at 2–3.  As a result, they argue they cannot adequately prepare a defense unless the Government clarifies if it is alleging such conduct.  Id. at 4.  The Court disagrees that a bill of particulars is warranted here.

The superseding indictment is short but clear.  In relevance to this motion, the Defendants are charged with using a law enforcement shield as a deadly and dangerous weapon in violation of 18 U.S.C. §§ 111(b) and 1752 (b)(1)(A).  See Superseding Indictment at 2–3.  The events of January 6, 2021 were well documented, and "the full scope of the conduct giving rise to the allegations in this case is recorded[.]"  Gov't's Opp'n to Defs.' Mot. for Bill of Particulars ("Gov't's Opp'n") at 4, ECF No. 88.  As stated by the Government and undisputed in the Defendants' reply, the Defendants have already received videos showing their alleged "aggressive conduct and use of law enforcement shields" on that day.  Id.  That makes it simple to resolve this motion.  Defendants do not need a bill of particulars: they will have ample opportunity to review the footage and prepare a defense that a law enforcement shield is not a deadly and dangerous weapon in the context of their conduct.  See United States v. Ballenger, No. 21-719, 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022) ("In this case, no bill of particulars is necessary given the voluminous discovery provided, including videos and still photographs.").

Defendants argue that it is still uncertain precisely what theory the prosecution might pursue. *See* Defs.' Reply to Gov't's Opp'n Mot. for Bill of Particulars ("Reply") at 3, ECF No. 91. But they are not entitled to use a bill of particulars "to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999). And regardless, the Government's opposition to the motion gives a good sense of what it will likely argue at trial, claiming that the "Defendants, by using the shields to facilitate and prolong the fight at the lower west tunnel, aided and abetted the violent mob." Gov't's Opp'n at 4; *see also* Reply at 3 n.1. Defendants certainly may disagree with that description, but the Government need not currently give a granular account of whether the shield was used as a weapon by "striking, jabbing, [or] thrusting . . . victims with the sharp end" or instead by "holding or pressing" it. *See* Reply at 3. Defendants can arrive at their own characterization of the shield use and are capable of preparing a defense without receiving more insight into the arguments the Government will make at trial. As the Government notes and as is evident throughout the motion, the Defendants already have formulated one of their defenses—"that a law enforcement shield, and the way it was used during these offenses, does not constitute a deadly and dangerous weapon." Gov't's Opp'n at 5.

Further, the current motion appears to be a prelude to a motion to dismiss. Defendants "expect this bill of particulars to lead to dismissal of these counts on grounds that the 'deadly and dangerous weapon' described in the indictment ('a law enforcement shield') simply does not qualify as a deadly and dangerous weapon when used in a normal sense." Mot. Bill of Particulars at 2. This is a statutory argument about what could possibly constitute a deadly and dangerous weapon under 18 U.S.C. §§ 111(b) and 1752 (b)(1)(A). A bill of particulars is not the right place to resolve this argument. *See Brock*, 628 F. Supp. 3d at 93 (holding that settling

issues of statutory interpretation is "not the role of a bill of particulars") (quoting *Mostofsky*, 2021 WL 3168501, at *4).

To the extent that Defendants use their statutory argument to say that a bill of particulars is warranted because a law enforcement shield is so plainly a "tool of defense and protection rather than a weapon for offense" that it makes the current charges puzzling and difficult to defend against, the Court rejects this idea. *See* Mot. Bill of Particulars at 3, 5. Under 18 U.S.C. § 111(b), "courts have consistently defined 'dangerous weapon' as an object that is *either* inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm." *United States v. Chansley*, 525 F. Supp. 3d 151, 161–62 (D.D.C. 2021) (emphasis added) (collecting cases). Inherently dangerous weapons include "guns, knives and the like." *Id.* (quoting *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) (en banc)). On the other hand, "'objects that have perfectly peaceful purposes may be turned into dangerous weapons' when used in a manner likely to cause bodily harm." *Id.* (quoting *United States v. Rocha*, 598 F.3d 1144, 1154 (9th Cir. 2010)). Similarly, under 18 U.S.C. § 1752(b)(1)(A), if a defendant intended to use it to cause serious injury, even an item as innocuous as a pen could qualify as a dangerous weapon. *See United States v. Robertson*, 610 F. Supp. 3d 229, 238 (D.D.C. 2022) (using a pen as an example to find that a "large wooden stick" used by a defendant on January 6 could be a dangerous weapon).

Defendants contend that a law enforcement shield is not a dangerous weapon unless used in a very specific way, *see* Mot. Bill of Particulars at 5–6, and they cite *United States v. Klein*, 533 F. Supp. 3d 1, 11 n.6 (D.D.C. 2021) as finding that a "riot shield" was not "inherently dangerous." But *Klein* also found that it was a "close call" whether the defendant's "efforts to press the shield against officers' bodies and shields were 'likely to endanger life or inflict great

bodily harm,'" which would qualify the riot shield as a dangerous weapon. *Id*. This Court observes that a law enforcement shield is intended for use in conflict. While that use is generally defensive, it is easy to imagine how such a shield could be used offensively as a dangerous weapon, especially in the setting of a hostile crowd storming forward in a confined space, as occurred on January 6. But again, Defendants do not have to imagine: they can consult the video evidence as they prepare their defense and identify the actions upon which the Government must be basing their prosecution. Having this full opportunity to develop their arguments that the law enforcement shield was not a dangerous weapon, Defendants face little risk of "surprise at trial." *Brock*, 628 F. Supp. 3d at 93. Accordingly, a bill of particulars is unnecessary here. It is hereby:

**ORDERED** that Defendants' Motion for Bill of Particulars, ECF No. 84, is **DENIED.**

**SO ORDERED.**

Dated:  July 7, 2023                                        RUDOLPH CONTRERAS
                                                                          United States District Judge